UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
B.W.P. DISTRIBUTORS, INC.,

                Plaintiff,

-against-

OE PLUS LTD.,

                Defendant.
------------------------------------------------------------ X

**JUDGE KARAS**

Index No.

Date Purchased:

COMPLAINT

07 CIV. 9588



Plaintiff B.W.P. Distributors, Inc., by its attorneys, Andrew Greene & Associates, P.C., as and for its Verified Complaint against the defendant, alleges as follows:

## NATURE OF THE CASE

1. Plaintiff is a wholesale distributor and seller of automotive parts. Defendant is a manufacturer of rebuilt alternators and starters who supplied its product to plaintiff.

2. This action arises from defendant's refusal to honor its contractual commitments to award previously granted credits in favor of plaintiff to plaintiff for product that was returned by plaintiff to defendant; to credit plaintiff for previously returned product that has not yet been credited; to credit plaintiff for product that was billed to plaintiff but not supplied; and to credit plaintiff for previously established and recognized rebates. Together these credits total in excess of One Million Dollars.

3. Plaintiff herein seeks a declaration that it is entitled to these credits; a decree for specific performance to enforce defendant's obligations under its agreement with plaintiff with respect to these credits; and, in the alternative, for damages deriving from defendant's breaches and unjust enrichment in the event that these credits are not enforced.

## THE PARTIES

4. At all times hereinafter mentioned, Plaintiff B.W.P. Distributors, Inc. ("BWP"), was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 215 Business Park Drive, Armonk, County of Westchester, State of New York, 10504.

5. Upon information and belief, at all times herein relevant, Defendant OE Plus Ltd. ("OE+"), was and is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with offices at 620 Spring Street, North Dighton, Massachusetts 02764.

## JURISDICTION AND VENUE

6. This Court's jurisdiction is predicated upon 28 U.S.C. § 1332(c) in that complete diversity of citizenship exists among the parties, to wit: the plaintiff is a corporation with its principal place of business in the State of New York, the corporate defendant has its principal place of business in the Commonwealth of Massachusetts and the amount in controversy is in excess of $75,000, excluding interest and costs.

7. Venue of this action is properly fixed within the Southern District of New York, White Plains Division, in that plaintiff has it principal place of business in the County of Westchester and the defendant conducts business within the County of Westchester.

8. Moreover, upon information and belief, defendant solicits customers, provides goods and services, ships goods and services and collects payment for goods and services directly, or through its agents, in the State of New York; derives substantial revenue from interstate commerce, including revenue generated directly from selling its goods and services within the State of New York; and had specific communication and correspondence to and with the plaintiff within the State of New York, County of Westchester.

9. Finally, the parties entered into an agreement which forms the basis of this action wherein the defendant expected or should have reasonably expected its acts pursuant to its performance under the agreement to have consequences in the State of New York, County of Westchester.

## FACTS

10. BWP is engaged in the business of the wholesale distribution and sale of automotive and truck parts, accessories and related products. OE+ is engaged in the business of selling rotating electrical car parts, consisting primarily of rebuilt alternators and starters ("automotive parts").

11. Beginning in June 2002, and continuing through December 2006, BWP purchased automotive parts from OE+. As was, and is, the custom in the automotive parts industry, it was agreed between BWP and OE+ that, as part of the consideration for BWP's purchases of automotive parts from OE+, OE+ would credit BWP for all automotive part cores that were returned to OE+ by BWP, or its agents. This practice is known in the industry as "core returns".

12. Between June 2002 and December 2006, BWP, or its agents, purchased automotive parts from OE+ and paid OE+ approximately Ten Million Dollars.

13. Pursuant to the parties' agreement and in accordance with the standardized business practices of the parties, BWP, or its agents, submitted core returns to OE+, for which OE+ gave BWP credits.

14. In or about 2006, OE+ began to sell its automotive parts to a BWP competitor. As part of the agreement between OE+ and this competitor, OE+ agreed to provide the competitor with favorable credit terms that, among other benefits, allowed the competitor to purchase OE+'s product on credit over several months.

15. As a result of the foregoing, BWP's competitor began to solicit, advertise and sell OE+ automotive parts to BWP's installer customers at prices lower than BWP's price. More importantly, due to the credit terms OE+ offered to BWP's competitor, and the negative cash flow consequences to OE+ that resulted, OE+ was unable to adequately ship its product to BWP.

16. As a direct result of the foregoing actions by OE+, BWP suffered financial losses in the marketplace and caused BWP to harbor serious concerns regarding OE+'s future reliability and dependability as a BWP supplier.

17. Accordingly in or about December 2006, BWP terminated its agreement to purchase automotive parts from OE+.

18. After BWP terminated its agreement to purchase automotive parts from OE+, OE+ informed BWP of its intention not to credit BWP for BWP's core returns that it had previously credited in favor of BWP, and has failed to issue credits for other core returns, rebates and shortages from previous shipments that OE+ invoiced to BWP.

19. OE+ has demanded that BWP pay to OE+ the sum of $1,019,106.17, comprising of core returns that it had once credited to BWP, invoiced automotive parts that were never shipped to BWP and rebates that OE+ failed to honor.

20. Accordingly, BWP is entitled to a declaration that core returns credits issued to BWP by OE+ are valid and enforceable and that BWP is entitled to credit for: (i) all of its core returns to

OE+ (comprising of those for which it had previously issued credits as well as for those it has refused to credit); (ii) all of the shortages of automotive parts from shipments by OE+ to BWP that have been invoiced; and (iii) all of its rebates with BWP.

## FIRST CAUSE OF ACTION AGAINST OE+ FOR A DECLARATORY JUDGMENT

21. Plaintiff repeats each and every allegation set forth above with the same force and effect as if herein more fully set forth at length.

22. From June 2006 through December 2006, BWP purchased automotive parts from OE+. As part of the consideration for the purchase of these automotive parts, it was agreed between BWP and OE+ that OE+ would credit BWP for all automotive part cores that were returned to OE+ by BWP, or its agents.

23. Credits due BWP from OE+ in excess of One Million Dollars remain outstanding for core returns, shortages and rebates.

24. Notwithstanding the foregoing, OE+ has demanded that BWP pay to OE+ the sum of $1,019,106.17, comprising a portion of the core returns that it had once credited to BWP and uncredited core returns, invoiced automotive parts that were never shipped to BWP and rebates that OE+ has failed to honor.

25. By reason of the foregoing, there exists an actual dispute and controversy between the parties.

26. By rendering declaratory judgment that the foregoing credits are valid and enforceable against OE+, this Court will effectively settle the controversy between the parties.

27. BWP hereby seeks a declaration that the core returns previously credited to BWP by OE+ are valid and enforceable and that BWP is entitled to be credited for all of its yet to be credited core returns, shortages and rebates to OE+.

28. BWP has no adequate remedy at law.

## SECOND CAUSE OF ACTION AGAINST OE+ FOR SPECIFIC PERFORMANCE OF CONTRACT

29. Plaintiff repeats each and every allegation set forth above with the same force and effect as if herein more fully set forth at length.

30. From June 2002 through December 2006, BWP purchased automotive parts from OE+. As part of the consideration for the purchase of these automotive parts, it was agreed between BWP and OE+ that OE+ would credit BWP for all automotive part cores that were returned to OE+ by BWP, or its agents.

31. OE+ has refused, and continues to refuse, to honor credits due BWP from OE+ in excess of One Million Dollar in breach of its agreement with BWP.

32. BWP performed all of the obligations on its part to be performed pursuant to the agreement of the parties.

33. No part of the foregoing credits have been awarded by OE+ to BWP, although credit thereof has been duly demanded.

34. By reason of the foregoing, OE+ has unlawfully and wrongfully refused to credit BWP for its core returns, OE+'s shortages and previously established and recognized rebates.

35. Accordingly, a decree of specific performance must be issued, requiring OE+ to credit BWP for its core returns, OE+'s shortages and previously established and recognized rebates.

36. BWP has no adequate remedy at law.

## THIRD CAUSE OF ACTION AGAINST
## OE+ FOR BREACH OF CONTRACT

37. Plaintiff repeats each and every allegation set forth above with the same force and effect as if herein more fully set forth at length.

38.   OE+ received core returns, invoiced BWP for product that was not shipped and failed to honor its rebate commitments.

39.   If OE+ is permitted to dishonor its credit commitments to BWP, it will be in breach of its agreement with BWP.

40.   Accordingly, BWP is entitled to damages in an amount to be determined at trial in excess of the jurisdictional threshold of the instant diversity action.

## FOURTH CAUSE OF ACTION AGAINST
## OE+ FOR UNJUST ENRICHMENT

41.   Plaintiff repeats each and every allegation set forth above with the same force and effect as if herein more fully set forth at length.

42.   OE+ received core returns, invoiced BWP for product that was not shipped and failed to honor its rebate commitments.

43.   If OE+ is permitted to dishonor its credit commitments to BWP, it will be unjustly enriched in the amount to be determined at trial in excess of the jurisdictional threshold of the instant diversity action.

**WHEREFORE**, plaintiff respectfully requests that this Court render judgment against the defendant with respect to each cause of action, as follows:

1.  As to the First Cause of Action against OE+, a declaration that all of the core returns, shortages and rebates are valid and enforceable and that BWP is entitled to be awarded credits for all of the foregoing.

2.  On the second cause of action against OE+, a decree of specific performance requiring OE+ to credit BWP for its core returns, OE+'s shortages and previously established and recognized rebates.

3.  In the alternative, on the third cause of action against OE+, for breach of contract in the amount in an amount to be determined at trial in excess of the jurisdictional threshold of the instant diversity action.

4.  In the alternative, on the fourth cause of action against OE+, for unjust enrichment in the amount in an amount to be determined at trial in excess of the jurisdictional threshold of the instant diversity action.

5.  And that the plaintiff have such other, further, and different relief as may be just herein with the costs and disbursements of this action.

Dated: White Plains, New York
       October 25, 2007

ANDREW GREENE & ASSOCIATES, P.C.

By: _____
Daniel Felber, Esq. (DF-3027)
Attorneys for Plaintiff BWP Distributors, Inc.
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 948-4800