# Andrew Greene & Associates, P.C.
## ATTORNEYS AT LAW

Andrew Greene
(Member NY & FL Bars)

Daniel M. Felber, Sr. Counsel
(Member NY Bar)

Samuel D. Friedlander, Assoc.
(Member NY Bar)

Thomas C. Landrigan, Assoc.
(Member NY & NJ Bars)

Stanley S. Zinner, Esq.
(Of Counsel)

S. Timothy Ball, Esq.
(Of Counsel)

Roger L. Cohen, Esq.
(Of Counsel)

January 10, 2008

**VIA ECF & FIRST CLASS MAIL**
The Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas St., Room 533
White Plains, New York 10601

Re:   B.W.P. Distributors, Inc. v. OE Plus Ltd.,
      07 CV 9588

Dear Judge Karas:

In accordance with your Individual Rules, please accept this letter as the request of Plaintiff B.W.P. Distributors, Inc. ("BWP") to file a motion to: (1) dismiss the Defendant OE Plus Ltd.'s ("OE Plus") Fourth Counterclaim alleging a tort claim against BWP under a Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, Section 11; and (2) dismiss the Second Counterclaim alleging a breach of the implied covenant of good faith and fair dealing.

### Background

At its core, this is a contractual dispute between sophisticated business corporations involved in the sale and distribution of re-manufactured automotive parts. In accordance with the custom and practice of the parties, BWP would return automotive alternator "cores" to OE Plus who would then re-manufacture the "cores" for resale. In exchange, BWP would receive a monetary credit against goods delivered by OE Plus to BWP. As indicated in the counterclaims, these "cores" generally have significant value to OE Plus and are "required" for the continued operation of OE Plus' business (See Counterclaims at ¶¶3,5).

The present arms-length contract dispute centers around whether or not BWP is entitled to receive a monetary credit for "cores" actually received and accepted by OE Plus, in the ordinary course of their business dealings, for a period of over six months prior to the termination of the parties relationship (Counterclaims at ¶¶12,14,15). OE Plus now claims that BWP is not entitled to a credit for these "cores".

Hon. Kenneth M. Karas
January 10, 2008, Page 2

BWP commenced this action for a judicial declaration that it is entitled to a credit for these valuable cores and for breach of contract. OE Plus has asserted counterclaims that, *inter alia*, claim a violation of Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, Section 11 and claim breach of the implied covenant of good faith. For the reasons set forth below, these counterclaims cannot be sustained under either New York or Massachussets law.

I.  **New York Choice of Law and New York Law Should Apply**

A federal court sitting in diversity must apply the choice of law principles of the forum state in order to decide what state substantive law applies. See Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464 (1945). In contract cases, New York courts apply a "center of gravity" or "grouping of contacts" approach to conflict-of-law issues. "Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir.), cert. denied, 522 U.S. 864 (1997).

The "center of gravity" and "contacts" in this dispute reside squarely within the state of New York. Indeed, the Defendant has admitted in its Answer that this Court has jurisdiction over this matter, that venue is proper and that the Agreement between parties has consequences in the state of New York. Accordingly, Defendant has conceded that there are significant contacts with the New York forum that warrant jurisdiction to govern the parties dispute and that there are more than ample contacts to conclude that this contractual dispute should be governed by New York law.

II. **The Fourth Counterclaim Alleging Violation Of Massachussets Consumer Protection Law Has No Application To The Present Dispute Involving the Alleged Breach of An Arms-Length Agreement Between Sophisticated Parties.**

The Fourth Counterclaim alleging a violation of the Massachussets Consumer Protection Statute, M.G.L. Chapter 93A, Section 11 is not permitted under New York law and must be dismissed. In short, to permit a separate cause of action for treble damages because Plaintiff allegedly acted "unfair" is inconsistent with the "well established principle [of New York law] that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656-57 (1987). This is true even where the alleged breach of the Agreement is allegedly "intentional". Wall v. CSX Transp., Inc., 471 F.3d 410 (2d Cir. 2006).

The counterclaim also fails under Massachussets law. To state a valid consumer protection claim, plaintiff must allege, among other elements, an "unfair or deceptive act or practice" that was committed by defendant in the conduct of any trade or commerce, and that "the act or practice caused plaintiff to sustain injury." Southwick Clothing, LLC v. GFT (USA) Corp., 2004 WL 2914093 (S.D.N.Y.)(citing Swenson Yellow Transp., Inc., 317 F.Supp.2d 51, 54 (D.Mass.2004).

Hon. Kenneth M. Karas
January 10, 2008, Page 3

Relying on Massachussets case law, the Southern District has held that the "unfair or deceptive act requires a showing of 'rascality' [and that] *(s)uch a showing is particularly difficult to make in a case involving an arm's-length transaction between sophisticated business entities.* Southwick Clothing, LLC v. GFT (USA) Corp., 2004 WL 2914093 (S.D.N.Y.)(citing Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 72 F.3d 190, 200 (1st Cir.1995)(emphasis added). Moreover, "(t)o rise to the requisite level of rascality, the subject conduct must be of such a nature that " *'would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."* ' Id. (citing Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1513 (1st Cir.1989)(emphasis added). To do so, it must be established that the objectionable act "falls 'within at least a penumbra of some common-law, statutory, or other established concept of fairness,' or was 'immoral, unethical, oppressive or unscrupulous, and resulted in substantial injury to competitors or other business [persons]." ' Id. (citations omitted).

A breach of contract generally does not give rise to a claim unless there is some *"coercive or extortionate objective"*. See, e.g. Framingham Auto Sales, Inc. v. Workers' Credit Union, 41 Mass.App.Ct. 416, 671 N.E.2d 963(Mass.App.Ct. 1996). Moreover, "*a good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c.93A claim is made.*" Duclersaint v. Federal National Mortgage Assoc., 427 Mass. 809, 814 (1998)(emphasis added).

Here, the present contractual dispute between sophisticated parties concerning whether or not BWP is entitled to receive a monetary credit for valuable automotive alternator "cores" actually provided by BWP to OE Plus in the ordinary course of their business dealings is a far cry from "coercive" or "extortionate" conduct. Accordingly, the overreaching Massachussets Consumer Protection claim, and the treble damages and attorneys fees sought thereunder, should be dismissed.

### III. The Second Counterclaim For Breach of the Implied Covenant of Good Faith And Fair Dealing Is Duplicative of the Breach of Contract Claim and Should Be Dismissed

As a matter of well-settled New York law, the second counterclaim for breach of the implied covenant of good faith and fair dealing must be dismissed because it is duplicative of the first counterclaim for breach of contract See, e.g., New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283 (1995).

### Conclusion

For the reasons set forth above and to be briefed to the Court, it is respectfully requested that this Court permit the Plaintiff to file a motion to dismiss the Second and Fourth Counterclaims.

Respectfully submitted,

*Thomas C. Landrigan*
Thomas C. Landrigan

cc: Kent Sinclair, Esq.
(via ECF, facs. and mail)