

# Andrew Greene & Associates, P.C.
### ATTORNEYS AT LAW

Andrew Greene
(Member NY & FL Bars)

**MEMO ENDORSED**

JAN 17 2008

Daniel M. Felber, Sr. Counsel
(Member NY Bar)

Samuel D. Friedlander, Assoc.
(Member NY Bar)

Thomas C. Landrigan, Assoc.
(Member NY & NJ Bars)

Stanley S. Zinner, Esq.
(Of Counsel)

S. Timothy Ball, Esq.
(Of Counsel)

Roger L. Cohen, Esq.
(Of Counsel)

January 17, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**BY HAND**
The Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas St., Room 533
White Plains, New York 10601

Re:    B.W.P. Distributors, Inc. v. OE Plus Ltd.,
       07 CV 9588

Dear Judge Karas:

    I am writing to advise the Court that the Plaintiff, B.W.P. Distributors, Inc. ("BWP"), has received no opposition to BWP's January 10, 2008 written request pursuant to your Honor's Individual Rules for permission to file a motion to: (1) dismiss the Defendant OE Plus Ltd.'s ("OE Plus") Fourth Counterclaim alleging a tort claim against BWP under a Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, Section 11; and (2) dismiss the Second Counterclaim alleging a breach of the implied covenant of good faith and fair dealing ("Letter Brief").

    I have attached a copy of the Affidavit of Service concerning the Letter Brief and the Court's Individual Rules which were each served upon counsel via ECF, facsimile and mail on January 10, 2008, along with an additional copy of the Letter Brief for the Court's convenience.

    The time for BWP to answer or move with respect to the Counterclaims, if not extended, expires on January 23, 2008.

    In light of the foregoing, BWP respectfully requests permission to file the requested motion to dismiss or, alternatively, a conference with the Court.

Thank you for your consideration.

Respectfully,

Thomas C. Landrigan

cc:  Kent Sinclair, Esq.

*[Handwritten endorsement:]* The Court will hold a conference on February 27, 2008, at 10:30 to address BWP's request to file its motion to dismiss certain counterclaims. BWP's time to answer the Counterclaims is stayed until then.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

1/18/08

Telephone 914.948.4800 | 202 Mamaroneck Avenue
Facsimile 914.948.4936 | White Plains, NY 10601
914.948.5314

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
B.W.P. DISTRIBUTORS, INC.,

               Plaintiff,

   -against-

OE PLUS LTD.,

               Defendant.
-------------------------------------------------------------- X

Case No. 07 Civ. 9588

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                                 ) ss.:
COUNTY OF WESTCHESTER  )

       BEATRICE SIMMONS, being duly sworn, deposes and says:

           I am not a party to the action, am over 18 years of age and reside in Yonkers, New York.

           On January 10, 2008, I served a true copy of the annexed **LETTER TO THE HONORABLE KENNETH M. KARAS together with the Individual Rules of Practice of Judge Kenneth M. Karas, dated September 12, 2007,** and by Facsimile No. (617) 946-4801 and by mailing same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. POSTAL Service within the State of New York, addressed to the last-known address of the addressee as indicated below:

      Kent D.B. Sinclair, Esq.
      Seyfarth Shaw LLP
      World Trade Center East
      Two Seaport Lane, Suite 300
      Boston, MA 02210-2028

                                                       */s/ Beatrice Simmons*
                                                       BEATRICE SIMMONS

Sworn to before me on this
10th day of January, 2008

*/s/ Thomas C. Landrigan*
Notary Public
   THOMAS C. LANDRIGAN
  Notary Public, State of New York
      No. 02LA6083505
  Qualified in Rockland County
 Commission Expires February 6, 20__



# Andrew Greene & Associates, P.C.
### ATTORNEYS AT LAW

Andrew Greene
(Member NY & FL Bars)

Daniel M. Felber, Sr. Counsel
(Member NY Bar)

Samuel D. Friedlander, Assoc.
(Member NY Bar)

Thomas C. Landrigan, Assoc.
(Member NY & NJ Bars)

Stanley S. Zinner, Esq.
(Of Counsel)

S. Timothy Ball, Esq.
(Of Counsel)

Roger L. Cohen, Esq.
(Of Counsel)

January 10, 2008

**VIA ECF & FIRST CLASS MAIL**
The Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas St., Room 533
White Plains, New York 10601

    Re:   B.W.P. Distributors, Inc. v. OE Plus Ltd.,
           07 CV 9588

Dear Judge Karas:

      In accordance with your Individual Rules, please accept this letter as the request of Plaintiff B.W.P. Distributors, Inc. ("BWP") to file a motion to: (1) dismiss the Defendant OE Plus Ltd.'s ("OE Plus") Fourth Counterclaim alleging a tort claim against BWP under a Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, Section 11; and (2) dismiss the Second Counterclaim alleging a breach of the implied covenant of good faith and fair dealing.

### Background

      At its core, this is a contractual dispute between sophisticated business corporations involved in the sale and distribution of re-manufactured automotive parts. In accordance with the custom and practice of the parties, BWP would return automotive alternator "cores" to OE Plus who would then re-manufacture the "cores" for resale. In exchange, BWP would receive a monetary credit against goods delivered by OE Plus to BWP. As indicated in the counterclaims, these "cores" generally have significant value to OE Plus and are "required" for the continued operation of OE Plus' business (See Counterclaims at ¶¶3,5).

      The present arms-length contract dispute centers around whether or not BWP is entitled to receive a monetary credit for "cores" actually received and accepted by OE Plus, in the ordinary course of their business dealings, for a period of over six months prior to the termination of the parties relationship (Counterclaims at ¶¶12,14,15). OE Plus now claims that BWP is not entitled to a credit for these "cores".

Telephone 914.948.4800 | 202 Mamaroneck Avenue
Facsimile 914.948.4936 | White Plains, NY 10601
914.948.5314

Hon. Kenneth M. Karas
January 10, 2008, Page 2

BWP commenced this action for a judicial declaration that it is entitled to a credit for these valuable cores and for breach of contract. OE Plus has asserted counterclaims that, *inter alia*, claim a violation of Massachusetts Consumer Protection Statute, M.G.L. Chapter 93A, Section 11 and claim breach of the implied covenant of good faith. For the reasons set forth below, these counterclaims cannot be sustained under either New York or Massachussets law.

I. **New York Choice of Law and New York Law Should Apply**

A federal court sitting in diversity must apply the choice of law principles of the forum state in order to decide what state substantive law applies. See Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464 (1945). In contract cases, New York courts apply a "center of gravity" or "grouping of contacts" approach to conflict-of-law issues. "Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir.), cert. denied, 522 U.S. 864 (1997).

The "center of gravity" and "contacts" in this dispute reside squarely within the state of New York. Indeed, the Defendant has admitted in its Answer that this Court has jurisdiction over this matter, that venue is proper and that the Agreement between parties has consequences in the state of New York. Accordingly, Defendant has conceded that there are significant contacts with the New York forum that warrant jurisdiction to govern the parties dispute and that there are more than ample contacts to conclude that this contractual dispute should be governed by New York law.

II. **The Fourth Counterclaim Alleging Violation Of Massachussets Consumer Protection Law Has No Application To The Present Dispute Involving the Alleged Breach of An Arms-Length Agreement Between Sophisticated Parties.**

The Fourth Counterclaim alleging a violation of the Massachussets Consumer Protection Statute, M.G.L. Chapter 93A, Section 11 is not permitted under New York law and must be dismissed. In short, to permit a separate cause of action for treble damages because Plaintiff allegedly acted "unfair" is inconsistent with the "well established principle [of New York law] that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656-57 (1987). This is true even where the alleged breach of the Agreement is allegedly "intentional". Wall v. CSX Transp., Inc., 471 F.3d 410 (2d Cir. 2006).

The counterclaim also fails under Massachussets law. To state a valid consumer protection claim, plaintiff must allege, among other elements, an "unfair or deceptive act or practice" that was committed by defendant in the conduct of any trade or commerce, and that "the act or practice caused plaintiff to sustain injury." Southwick Clothing, LLC v. GFT (USA) Corp., 2004 WL 2914093 (S.D.N.Y.)(citing Swenson Yellow Transp., Inc., 317 F.Supp.2d 51, 54 (D.Mass.2004).

Hon. Kenneth M. Karas
January 10, 2008, Page 3

Relying on Massachussets case law, the Southern District has held that the "unfair or deceptive act requires a showing of 'rascality' [and that] *(s)uch a showing is particularly difficult to make in a case involving an arm's-length transaction between sophisticated business entities.* Southwick Clothing, LLC v. GFT (USA) Corp., 2004 WL 2914093 (S.D.N.Y.)(citing Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 72 F.3d 190, 200 (1st Cir.1995)(emphasis added). Moreover, "(t)o rise to the requisite level of rascality, the subject conduct must be of such a nature that " *'would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.*" ' Id. (citing Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1513 (1st Cir.1989)(emphasis added). To do so, it must be established that the objectionable act "falls 'within at least a penumbra of some common-law, statutory, or other established concept of fairness,' or was 'immoral, unethical, oppressive or unscrupulous, and resulted in substantial injury to competitors or other business [persons]." ' Id. (citations omitted).

A breach of contract generally does not give rise to a claim unless there is some "*coercive or extortionate objective*". See, e.g. Framingham Auto Sales, Inc. v. Workers' Credit Union, 41 Mass.App.Ct. 416, 671 N.E.2d 963(Mass.App.Ct. 1996). Moreover, "*a good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c.93A claim is made.*" Duclersaint v. Federal National Mortgage Assoc., 427 Mass. 809, 814 (1998)(emphasis added).

Here, the present contractual dispute between sophisticated parties concerning whether or not BWP is entitled to receive a monetary credit for valuable automotive alternator "cores" actually provided by BWP to OE Plus in the ordinary course of their business dealings is a far cry from "coercive" or "extortionate" conduct. Accordingly, the overreaching Massachussets Consumer Protection claim, and the treble damages and attorneys fees sought thereunder, should be dismissed.

### III. The Second Counterclaim For Breach of the Implied Covenant of Good Faith And Fair Dealing Is Duplicative of the Breach of Contract Claim and Should Be Dismissed

As a matter of well-settled New York law, the second counterclaim for breach of the implied covenant of good faith and fair dealing must be dismissed because it is duplicative of the first counterclaim for breach of contract See, e.g., New York Univ. v. Cont'l Ins. Co.,87 N.Y.2d 308, 320, 639 N.Y.S.2d 283 (1995).

### Conclusion

For the reasons set forth above and to be briefed to the Court, it is respectfully requested that this Court permit the Plaintiff to file a motion to dismiss the Second and Fourth Counterclaims.

Respectfully submitted,

*Thomas C. Landrigan*
Thomas C. Landrigan

cc: Kent Sinclair, Esq.
(via ECF, facs. and mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
300 QUARROPAS STREET, CHAMBERS 533
WHITE PLAINS, NY 10601-4150

CHAMBERS OF
HON. KENNETH M. KARAS

## MEMORANDUM TO ALL LITIGANTS

Re:   Individual Rules of Practice of Judge Kenneth M. Karas
Date: September 12, 2007

      Unless otherwise ordered, parties and counsel with matters before Judge Karas shall conduct themselves in accordance with the following practices:

### I.   COMMUNICATIONS WITH CHAMBERS

      **A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel (address at the top of this letterhead). Copies of correspondence between counsel shall not be sent to the Court.

      **B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (914) 390-4145.

      **C. Digital Sending and Faxes.** Parties may communicate with chambers by fax or by e-mailed PDF file only with express prior permission. Any correspondence sent via fax or e-mailed PDF shall identify the person in Chambers who provided such permission.

      **D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling, and calendar matters, call Ms. Dawn Bordes, Courtroom Deputy Clerk, at (914) 390-4145.

      **E. Requests for Adjournments or Extensions of Time.** Absent an emergency, requests for adjournments or extensions of time shall be made at least 48 hours prior to the scheduled appearance. All requests for adjournments or extensions of time must state: (1) the original date; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

      Requests for extension of deadlines regarding discovery or any other aspect of a case that has been referred to a Magistrate Judge shall be directed only to such Magistrate Judge and will be routinely denied if prematurely directed to this Court.

Individual Rules of Practice<br>
Hon. Kenneth M. Karas

## II. MOTIONS

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, a pre-motion conference with the court is required for making any motion, except motions brought on by order to show cause, motions by incarcerated *pro se* litigants, motions for admission *pro hac vice*, motions for reargument, and motions described in Rule 6(b) of the Federal Rules of Civil Procedure and Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three (3) pages in length setting forth the basis for the anticipated motion. All parties so served must submit a letter response, not to exceed three (3) pages, within three (3) business days from service of the notification letter. To arrange a pre-motion conference for motions governed by a Scheduling Order, the moving party must submit its initial letter four (4) weeks prior to the motion deadline established by the Order. Where a pre-motion conference is not required, motions should be filed when served.

**B. Memoranda of Law.** Memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. All memoranda of law shall be produced in a font of twelve (12) or higher and shall have one inch margins on all sides. A copy of the complaint should accompany the moving papers. Sur-reply memoranda will not be accepted without prior permission of the Court.

**C. Courtesy Copies.** One (1) courtesy copy of all pleadings and motion papers, marked as such, shall be submitted to chambers at the time the papers are served, in accordance with the SDNY policies regarding mail deliveries. **Courtesy copies shall be submitted to chambers for both ECF and non-ECF designated cases.**

**D. Filing of Motion Papers.** In non-ECF cases, Motion papers shall be filed promptly after service.

In all ECF cases, the moving party shall electronically file motion and reply papers with the Clerk <u>only when the entire motion has been briefed</u>. Courtesy copies are to be served on the opposing party at the time a motion is due under the Court's scheduling order; parties shall also send one courtesy copy of any paper to Chambers at the time it is served upon opposing counsel.

**E. Oral Argument on Motions.** Oral argument will be held where it would assist the Court. The notice of motion shall state that oral argument will be "on a date and at a time designated by the Court." The Court will contact the parties to set the specific date and time for oral argument.

## III. CONFERENCES

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be sent to plaintiff's counsel, who will be responsible for distributing copies to all parties.

## IV. DEFAULT JUDGMENTS

A party who wishes to obtain a default judgment must proceed by way of an order to show cause. Consult the separate Individual Rules of Practice for Default Judgment Proceedings before Judge Karas, available on the Court's website.

## V. PRETRIAL PROCEDURES

**A. Joint Pretrial Orders (Civil Cases Only).** Within 30 days following completion of discovery, the parties shall submit to the Court for its approval a Joint Pretrial Order that includes the information required by Federal Rule of Civil Procedure 26(a)(3), and the following:

I. The full caption of the action;

ii. The names, addresses (including firm names), and telephone, fax numbers, and email addresses of trial counsel;

iii. A brief statement by plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount;

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried;

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

vi. A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which party or parties have or have not so consented);

vii. Any stipulations of fact or law that have been agreed to by the parties;

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition;

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party;

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground; and

xi. A statement whether the parties consent to less than a unanimous verdict.

3

**B. Filings Prior to Trial in Civil Cases.** Each party shall file together with the Joint Pretrial Order:

    I.    In jury cases, proposed voir dire questions, verdict form, and requests to charge. In addition to submitting one courtesy copy of each, an electronic copy shall be e-mailed to Chambers (kmk_documents@nysd.uscourts.gov) in WordPerfect version 11 format, unless the court specifically exempts a party from this requirement;

    ii.    In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed;

    iii.    In all cases, motions addressing any evidentiary or other issues which should be resolved *in limine*; and

    iv.    Where such party believes it would be useful, a pretrial memorandum.

**C. Filings in Opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event fewer than two days before the scheduled trial:

    I.    Objections to another party's requests to charge or proposed voir dire questions;

    ii.    Opposition to any motion *in limine*;

    iii.    Opposition to any legal argument in a pretrial memorandum.

**One courtesy copy of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to chambers on the date of filing or service.**

## VI. BANKRUPTCY APPEALS

Briefs must be submitted in accordance with Federal Rule of Bankruptcy Procedure 8009. Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due.

## VII. CRIMINAL CASES

    **A.**    **Criminal Cases—Initial Matters.** Upon assignment of a criminal case to Judge Karas, the parties immediately shall arrange with the Deputy Clerk for a prompt conference at which the defendant will be present in order to set a discovery and motion schedule. The Assistant United States Attorney shall provide a courtesy copy each of the indictment and the criminal complaint, if one exists, to chambers as soon as practicable.

    **B.**    **Criminal Cases—Guilty Pleas.** Guilty pleas will ordinarily be taken by Judge Karas and are not assigned to Magistrate Judges by standing order. Permission for guilty pleas to be taken on advice of a Magistrate Judge will be given only in special circumstances. The Assistant United States Attorney shall provide a courtesy copy of the plea agreement to chambers as soon as practicable.

    **E.**    **Criminal Cases—Sentencing.** Consult the separate Individual Rules of Practice for Sentencing Proceedings before Judge Karas, available on the Court's website.

4

**ANDREW GREENE & ASSOCIATES, P.C.**

Andrew Greene
(Member NY & FL Bars)

Attorneys At Law
202 Mamaroneck Avenue
White Plains, New York 10601
Telephone: (914) 948-4800
Fax: (914) 948-4936

Daniel M. Felber, Sr. Counsel
(Member NY Bar)

Samuel D. Friedlander, Assoc.
(Member NY Bar)

Howard S. Krebs, Assoc.
(Member NY Bar)

Stanley S. Zinner, Esq.
(Of Counsel)

S. Timothy Ball, Esq.
(Of Counsel)

Roger L. Cohen Esq.
(Of Counsel)

## TELECOPIER TRANSMITTAL SHEET

Date:       January 10, 2008

To:         Kent D.B. Sinclair, Esq.

Fax No.:    617-946-4801

From:       Thomas C. Landrigan, Esq.

Re:         B.W.P. Distributors, Inc. v. OE Plus Ltd.

Comments:

---

**TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET: 8**

---

### ATTENTION RECIPIENT

If you do not receive all pages, please call immediately:
(914) 948-4800 ext. 133
Being transmitted by:  Thomas C. Landrigan

PLEASE TAKE NOTICE that the information contained in this facsimile transmission is attorney/client privileged and/or confidential, and is intended only for use by the individual or entity named above. If you have received this transmission in error, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If received in error, please immediately notify us by telephone, and return the complete transmission, as received, to the above address via the U.S. mails, or as instructed. Thank you.

**SENDING REPORT**

Jan. 10 2008 04:40PM

YOUR LOGO    : ANDREW GREENE→&→ASSOCIATES
YOUR FAX NO. : 9149485314

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|------------|------|-------|--------|
| 01  | 16179464801     | Jan.10 04:37PM | 03'00 | SND | 08 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04.
THEN SELECT OFF BY USING '+' OR '-'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).