# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
fax (617) 946-4801
www.seyfarth.com

Writer's direct phone
617-946-4810

Writer's e-mail
klesinski@seyfarth.com

February 28, 2008

The Honorable Kenneth M. Karas
United States District Court
for the Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, NY 10601

Re:    <u>B.W.P. Distributors, Inc. v. OE Plus, Ltd.</u>, Case No. 07 CV 9588

Dear Judge Karas:

This letter responds to the letter of Thomas C. Landrigan, Esq., counsel for Plaintiff/Counterclaim Defendant B.W.P. Distributors, Inc. ("BWP"), dated January 10, 2008. We are counsel to Defendant/Counterclaim Plaintiff OE Plus, Ltd. ("OE Plus").

Initially, I would like to note that today we filed an Amended Answer, Affirmative Defenses and Counterclaim on behalf of OE Plus. The only differences from the original version are that we deleted the cause of action for breach of the covenant of good faith and fair dealing and we added a new paragraph 14 to the Counterclaim.[1]

We take issue with certain of the factual allegations and legal conclusions contained in Mr. Landrigan's letter and will point them out below. It is important to note that we had sent a demand letter to BWP on September 14, 2007 (attached as Exhibit B to OE Plus' Counterclaim). After sending the demand letter, we engaged in discussions with BWP's counsel, Andrew Greene, Esq. At a time when we were in good faith compiling information for Mr. Greene at his request, he filed this action in New York in an attempt to avoid having his client sued by OE Plus in the Commonwealth of Massachusetts.

---

[1] The new paragraph 14 reads as follows: During the last three months of 2006, upon information and belief, BWP engaged in a scheme to obtain product and credits from OE Plus under false pretenses. Upon information and belief, this was in furtherance of BWP's goal of causing OE Plus to suffer severe economic injury in retaliation for OE Plus' decision to increase its business with BWP's competitor, AI. As part of this scheme, BWP continued to accept product from OE Plus, but instead of paying for the product, BWP flooded OE Plus with over returned cores (for which BWP knew it was not entitled to receive credit) and told OE Plus that it was taking a credit for the returned cores. Upon information and belief, at that time, BWP had already decided that it would switch suppliers from OE Plus to one of its competitors. Yet it hid that fact from OE Plus in order to have OE Plus continue to ship product and receive very large quantities of over returned cores from BWP. During that time, representatives of OE Plus asked representatives of BWP about their intentions for future business and were given misleading information designed, upon information and belief, to cause OE Plus to believe that the relationship between the parties would continue as it had for several years.

BO1 15910201.1

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



We strongly disagree that New York substantive law should apply to the disposition of OE Plus' Counterclaim for breaches of Massachusetts General Laws Chapter 93A, Section 11. While counsel for BWP characterizes this claim as a consumer protection claim, it is important to note that the section of the Massachusetts statute under which we brought OE Plus' claim, Section 11, applies only to causes of action by a person engaged in the conduct of trade or commerce against other persons engaged in trade or commerce when such person has suffered damages as a result of the use or employment by such other persons of an unfair method of competition or an unfair or deceptive act or practice. The section of Massachusetts General Laws Chapter 93A which is available to consumers, Section 9, is not at play in this litigation.

OE Plus did not contest personal jurisdiction or venue because the parties contracted with each other while one of them, BWP, was in New York, and the other, OE Plus was in Massachusetts. But that does not lead to the conclusion that the center of gravity of this case is in New York. To the contrary, this case is about a relationship between a supplier (OE Plus) and distributor (BWP) of auto parts. Importantly, as alleged in the complaint, OE Plus delivered the product to BWP at BWP's facilities in Sutton, Massachusetts and Delran, New Jersey, both of which are not in the state of New York.

In fact, the only connection that this case has to the state of New York is that is where BWP's headquarters are located. As discovery will reveal, approximately 75% of the product shipped from OE Plus to BWP during the period in question was shipped from OE Plus' facility in Dighton, Massachusetts, to BWP's distribution facility in Sutton, Massachusetts, and were then sent by BWP to its retail stores, primarily in Massachusetts.

The center of gravity of this case is Massachusetts, not New York. Massachusetts has a well developed body of case law under Massachusetts General Laws, Chapter 93A, Section 11, and it should be applied here. BWP has provided no basis for disregarding that body of law in this instance.

BWP also argues that OE Plus' claim under Chapter 93A, Section 11, should be dismissed because BWP's conduct here did not rise to the requisite level of "rascality" such that it "would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." (Landrigan Letter, p. 3, quoting the 1st Circuit). We beg to differ. We believe our original counterclaim sufficiently alleged conduct that is plainly unfair and deceptive, in accordance with the case law promulgated under Chapter 93A, Section 11. But if there were any doubt before, paragraph 14 of the Amended Counterclaim, quoted above, makes it clear that OE Plus is alleging a scheme on the part of BWP to mislead and harm OE Plus as retaliation for OE Plus' decision to increase its business with BWP's competitor. Such conduct clearly constitutes unfair methods of competition or unfair or deceptive acts or practices, as defined by the case law decided under Chapter 93A, Section 11.

For purposes of BWP's expected motion to dismiss, the factual allegations of OE Plus' Counterclaim must be accepted as true and the Court must draw all reasonable inferences in favor



The Honorable Kenneth M. Karas<br>
February 28, 2008<br>
Page 3

of OE Plus. See <u>Lunney v. United States</u>, 319 F. 3d 550, 554 (2d. Cir. 2003). We believe discovery will bear out that BWP was engaging in a vindictive scheme to injure OE Plus in retaliation for its decision described above. This is textbook unfair and deceptive conduct and did far more than raise an eyebrow. It severely damaged my client's faith in BWP's word and reputation, and it caused my client to suffer substantial damage which it is still trying to recover from today.

As for Mr. Landrigan's argument that our claim for breach of the covenant of good faith and fair dealing was duplicative of our breach of contract claim, we do not wish to quibble. We have stricken the breach of good faith and fair dealing claim from our amended Counterclaim.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Kevin J. Lesinski*

Kevin J. Lesinski

KJL:kh

cc:  Thomas C. Landrigan, Esq.

BO1 15910201.1