UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
B.W.P. DISTRIBUTORS, INC.,                ::    ECF CASE
                                          ::
                    Plaintiff,            ::    The Hon. Kenneth M. Karas
                                          ::
      -against-                           ::    07 CV 9588
                                          ::
OE PLUS LTD.,                             ::
                                          ::
                    Defendant.            ::
                                          ::
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW

# IN SUPPORT OF MOTION TO DISMISS

                              Andrew Greene & Associates, P.C.
                              Attorneys for Plaintiff
                              202 Mamaroneck Avenue
                              White Plains, NY 10601
                              914-948-4800 (Tel)
                              914-948-4936 (Fax)

Of counsel: Thomas C. Landrigan, Esq.
            Daniel M. Felber, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................. 1

ARGUMENT ................................................................................. 3

    POINT I ................................................................................. 3

    OE PLUS MISAPPREHENDS MASSACHUSETTS
    REQUIREMENT THAT CLAIMANT SHOW EXTORTIONATE
    OR COERCIVE CONDUCT AND MEET THE RASCALITY
    REQUIREMENT TO MAINTAIN THE CONSUMER PROTECTION
    CLAIM ................................................................................ 3

        A.    OE Plus concedes that the consumer protection statute calls for the Court to decide whether the Massachusetts consumer protection statute has been violated Standard Required For Sophisticated Parties. ................................................................... 3

        B.    OE Plus Seeks To Improperly Blur General Standard for Breach of Contract Claims with the Extortion, Coercion and Rascality Required for Consumer Protection Claims .......... 3

        C.    OE Plus' Opposition Highlights Failure to Plead Damages Caused by Alleged Unfair Practice. ............................ 6

        D.    Courts Regularly Dismiss Consumer Protection Claims ........... 7

    POINT II ................................................................................ 9

    FIRST COUNTERCLAIM FOR BREACH OF CONTRACT
    SHOULD BE DISMISSED BECAUSE CLAIM IS BARRED
    BY THE STATUTE OF FRAUDS AND BY THE UNIFORM
    COMMERCIAL CODE ........................................................... 9

CONCLUSION ............................................................................. 10

## **TABLE OF AUTHORITIES**

*Anthony's Pier Four v. HBC Associates*, 583 N.E.2d 806 (Mass. 1991) .................. 5

*Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47 (D.Mass 1998) ..................... 7

*Boyle v. International Truck And Engine Corp.*, 369 F.3d 9 (1st Cir 2004) ................. 4

*Daley v. Twin Disc, Inc.*, 440 F.Supp.2d 48, (D.Mass.2006) ............................. 4

*Duclersaint v. Federal Nat. Mortg. Ass'n*, 427 Mass. 809, 696 N.E.2d 536 (Mass.1998) ...... 4

*Egan v. Athol Memorial Hosp.*, 971 F.Supp. 37 (D.Mass. 1997) ........................... 4

*Hastings Associates, Inc. v. Local 369 Bldg. Fund*, 67 N.E.2d 403, 42
Mass.App. Ct. 162, review denied 678 N.E.2d 1334, 424 Mass 1108 (1997) ................ 3

*Herring v. Vadala*, 670 F.Supp. 1082 (D. Mass 1987) ..................................... 7

*Levings v. Forbes & Wallace, Inc.*, 8 Mass.App.Ct. 498, 396 N.E.2d 149 (1979) ............ 4

*Massachusetts Employers Insurance Exchange v. Propac-Mass, Inc.*,
420 Mass. 39 (1995) ................................................................. 5

*Mead Corp. v. Steven Cabinets, Inc.*, 93 F. Supp. 87 (D. Mass 1996) ..................... 7

*Pepsi-Cola Metropolitan Bottling Co., Inc. v. Checkers*, 411 Mass. 451, 474 (1991) ......... 7

*P & F Constr. Corp. v. Friend Lumber Corp. of Medford*, 31 Mass.App.Ct. 57, 59,
575 N.E.2d 61 (1991) ................................................................ 9

*Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510,
1513 (1st Cir.1989) ............................................................... 4,5

*RLI Ins. Co. v. General Star. Indem. Co.*, 997 F.Supp. 140 (D.Mass 1998) ................. 7

*Spence v. Boston Edison Co.*, 390 Mass. 604, 616, 459 N.E.2d 80 (1983) .................. 5

*Suzuki of Western Mass, Inc. v. Outdoor Sports Expo, Inc.*,
126 F.Supp.2d 40 (D.Mass.,2001) ..................................................... 4

*Tel. & Tel. Co. IMR Capital Corp*, 888 F. Supp 221 (D. Mass. 1995) ....................... 8

*Town of Norwood v. Adams-Russell Co., Inc.* 519 N.E.2d 253, 401 Mass. 67 ............... 3

*Whitehall Co. Ltd. v. Merrimack Vallet Distributing Co, Inc.,* 780 N.E.2d 479,
56 Mass. App. Ct 853 (2002) ................................................... 8

## PRELIMINARY STATEMENT

BWP Distributors, Inc. ("BWP") submits this Reply Memorandum of Law in support of its motion to dismiss the First and Third causes of action of the Counterclaim commenced by OE Plus, Ltd. ("OE Plus") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and strike Paragraphs 19, 20 and 21 of the Counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

The Third Counterclaim asserting an overreaching Massachusetts consumer protection claim must be dismissed. First, OE Plus has concedes at Page 15 of its Memorandum of Law that the statute explicitly calls for the Court, and not a jury, to make the dispositive determination as to whether the Massachusetts Consumer Protection Statute has been violated. Accordingly, the Court is well within its authority at this stage of the proceedings to determine that the alleged conduct does not rise to the level required by statute and applicable law.

Second, OE Plus has failed to allege conduct rising to the level of extortion, coercion or rascality required by Massachusetts Courts. To the contrary, OE Plus has alleged, at best, nothing more than a garden variety dispute over whether or not money is owed between two sophisticated businesses who had an arm's length relationship. OE Plus acknowledges receiving returned automotive alternator "cores" vital to its re-manufacturing business. More importantly, OE Plus does not allege that these particular cores were not later used or were of no value to it. It is also worth noting that the cores were not rejected by OE Plus for over seven months.[1]

Tellingly, OE Plus has not, and cannot, allege that it is worse off for having received the

---

[1] Interestingly, OE Plus also (at least initially) sought to rely upon the purported early termination of a twenty four month oral distribution agreement that is not alleged to be in writing as required by basic statute of frauds principles (OE Plus no claims this alleged breach was merely "background" information). Likewise, OE Plus points to a catalog "policy" and never alleges that BWP agreed to the terms of the catalog.

valuable automotive "cores". Indeed, OE Plus claims no damage whatsoever arising from the actual receipt of the valuable automotive cores themselves, nor can any termination of the alleged twenty four month distribution agreement give rise to even a breach of contract claim (See Memo in Chief at Point III). Rather, OE Plus' counterclaim, at best, alleges a mere monetary dispute about allegedly outstanding invoiced amounts concerning goods received by BWP. This garden variety dispute simply does not rise to the level of conduct required to make out a consumer protection claim under Massachusetts law and fails to show that the alleged conduct (i.e. receipt of the automotive cores) was the cause of the damages alleged.

Finally, OE Plus' reliance on the innocuous allegations that BWP promised OE Plus that it "would not "hurt OE Plus on the way out" is hardly the type of statement that suggests unfair, coercive or extortionate conduct that could support its counterclaims for treble damages and attorneys' fees. OE Plus has alleged no facts and cited no case law whatsoever that can transform what is, at best, a very tenuous breach of contract claim (i.e a contract claim barred by the statute of frauds and the Uniform Commercial Code) into a consumers protection claim warranting treble damages and attorneys fees. Accordingly, it is respectfully submitted that the Court should exercise its statutory authority and dismiss the consumer protection counterclaims.

Likewise, the Court should dismiss the counterclaim for breach of contract. First, the counterclaim does depend on an alleged twenty four month "agreement" that is not alleged to be in writing, and as such, violates the statute of frauds. Second, the breach of contract claim is barred by the Uniform Commercial Code as the goods at issue were not rejected or revoked and were accepted by OE Plus as a matter of law.

# ARGUMENT

## POINT I

### OE PLUS MISAPPREHENDS MASSACHUSETTS REQUIREMENT THAT CLAIMANT SHOW EXTORTIONATE OR COERCIVE CONDUCT AND MEET THE RASCALITY REQUIREMENT TO MAINTAIN THE CONSUMER PROTECTION CLAIM

**A.  OE Plus concedes that the consumer protection statute calls for the Court to decide whether the Massachusetts consumer protection statute has been violated**

Chapter 93A. Section 11 makes clear that the Court has authority to decide whether conduct rises to the of an "unfair method of competition or an unfair or deceptive act or practice" MGL Ch. 93 A., Section 11. Indeed, the statute specifically provides as follows:

> If the **Court** finds for the petitioner, recovery shall be in the amount of actual damages, or up to three, but not less than two time such the amount if the **Court** finds that the... act or practice was a willful or knowing violation...

Id. (emphasis added). Accordingly, the Court is well within its authority to determine whether the conduct alleged does in fact rise to the statutory level required. *Town of Norwood v. Adams-Russell Co., Inc.*, 519 N.E.2d 253, 401 Mass. 67 (1988)(there is no right to trial by jury under the Regulation of Business Practice and Consumer Protection Act); *Hastings Associates, Inc. v. Local 369 Bldg. Fund*, 67 N.E.2d 403, 42 Mass.App. Ct. 162, review denied 678 N.E.2d 1334, 424 Mass 1108 (1997) (having elected to reserve all aspects of the consumer protection claim, the trial court was not bound by jury's answers to special questions on common-law contract claim).

**B.  OE Plus Seeks To Improperly Blur General Standard for Breach of Contract Claims with the Extortion, Coercion and Rascality Required for Consumer Protection Claims**

Respectfully, it is OE Plus who has misapprehended current Massachusetts law and the cases previously cited at length at Point V. B. of the Memorandum in Chief originally submitted which

3

establish the "rascality" standard and other applicable standard for Massachusetts consumer protection claims involving sophisticates parties. Indeed, despite arguments of counsel, the rascality standard and decisions previously cited continue to be good law and are regularly cited by Massachusetts Courts, even after the 13 year old decision reached in *Massachusetts Employers Insurance Exchange v. Propac-Mass, Inc.*, 420 Mass. 39 (1995).

For example, in 2001 a Massachusetts federal court dismissed a consumer protection claim and held that "in Quaker State, the First Circuit held that '[t]he objectionable conduct must attain a level of **rascality** that would raise an eyebrow of someone inured to the rough and tumble world of commerce.'" *Suzuki of Western Mass, Inc. v. Outdoor Sports Expo, Inc.*, 126 F.Supp.2d 40 (D.Mass.,2001)(citing and quoting *Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1513 (1st Cir.1989)(emphasis added); *See also Egan v. Athol Memorial Hosp.*, 971 F.Supp. 37 (D.Mass. 1997)(relying upon rascality standard set forth in *Quaker State* decision supra., and *Levings v. Forbes & Wallace, Inc.*, 8 Mass.App.Ct. 498, 396 N.E.2d 149 (1979) to dismiss claim); *Boyle v. International Truck And Engine Corp.*, 369 F.3d 9 (1st Cir 2004)(2004 First Circuit decision relied upon *Quaker State* decision to dismiss consumer protection claim); *See also Duclersaint v. Federal Nat. Mortg. Ass'n*, 427 Mass. 809, 696 N.E.2d 536 (Mass.1998)(Court relied on *Levings v. Forbes* decision supra. and held that a "good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c. 93A claim is made.")

Similarly, in 2006 the court in *Daley v. Twin Disc, Inc.*, 440 F.Supp.2d 48, (D.Mass.2006) applied the "rascality" standard holding that "Chapter 93A encompasses only misconduct that rises to a 'level of **rascality** that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.' *Id.* (citing *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510,

4

1514 (1st Cir.1989)(internal quotation marks omitted)(emphasis added).

Defendant has misapprehended the applicable standards for consumer protection claims by arguing that mere "conduct 'in disregard of known contractual arrangements' is all that is required to maintain a consumer protection statute entitling a plaintiff to potential treble damages and attorneys' fees. *See Anthony's Pier Four v. HBC Associates*, 583 N.E.2d 806 (Mass. 1991). If this general standard were all that was required, every allegation that a party knowingly breached a contract claim might fall under this category. One could imagine the unfortunate consequences that would result from such a broad and inaccurate reading of Massachusetts law.

Fortunately, Massachusetts does not have such a vague standard for Consumer Protection claims. Coercion, extortion or rascality are still required. Indeed, even the decisions cited by OE Plus involve coercive and extortionate conduct nowhere near analogous to the facts presented. *See e.g. Anthony's Pier Four v. HBC Associates*, 583 N.E.2d 806 (Mass. 1991)(where defendant "knowingly" engaged in pre-texts to "coerce HBC into paying more than the contract requires"); *Pepsi-Cola Metropolitan Bottling Co., Inc. v. Checkers*, 411 Mass. 451, 474 (1991)(where defendants "withheld monies which they legally owed as a form of extortion -to force Pepsi to do what it was otherwise not required to do" in an ongoing business relationship); *Massachusetts Employers Insurance Exchange v. Propac-Mass, Inc.*, 420 Mass. 39 (1995)(conduct had a "coercive" quality and was "undertaken as leverage to destroy the rights of another").

Finally, OE Plus actually cites *Spence v. Boston Edison Co.*, 390 Mass. 604, 616, 459 N.E.2d 80 (1983) for support, although this case stands for the heightened scrutiny courts apply where sophisticated parties are involved. Indeed, the Court held in *Spence* that it *"would defeat commercial expectations and foment litigation to impose c. 93A, § 11, liability in the present case because the*

*parties are commercially sophisticated." Id.* (emphasis added).

Here, the Counterclaim fails to plead sufficient facts to establish coercion, extortion or rascality of any kind and clearly involves sophisticated companies engaged in the automotive parts industry. Indeed, the core complaint of OE Plus is that valuable cores necessary to the continued efficacy of their business operations were returned to them, were never rejected or revoked, and that BWP severed its twenty four month unwritten distribution agreement with OE Plus. None of these allegations rise to level of coercion or extortion as required by Massachusetts law or reflect the extortion during an ongoing relationship contemplated by the decisions cited.[2]

In any event, OE Plus has failed to allege any harm resulting from theses alleged acts as set forth below.

### C. OE Plus' Opposition Highlights Failure to Plead Damages Caused by Alleged Unfair Practice.

In regard to damages, based upon the opposition filed by OE Plus, it would appear that OE Plus is no longer asserting damages arising out of the termination of the alleged oral twenty-four month distribution agreement, an agreement which OE Plus now must concede is unenforceable and merely "background" information. Likewise, OE Plus does not allege that it has suffered damages arising from the actual receipt of the valuable automotive "cores".

OE Plus's opposition makes clear that it has failed to show that any damages were sustained as a result of the alleged unfair practices themselves, only that amounts are owed for goods delivered. This fact is fatal to OE Plus in that the claimant bears the burden of showing

---

[2] Indeed, OE Plus has not even alleged in the Complaint that the Catalog Policy BWP allegedly violated was agreed to by BWP.

6

under Massachusetts deceptive trade practices act, not only that acts were unfair or deceptive, but also that plaintiff suffered loss of money or property as a result. *Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47 (Mass 1998). Indeed, under Massachusetts law, in an action commenced by a person engaged in trade or business, plaintiff must show that the alleged unfair or deceptive trade practice engaged in by defendant was both a "but for" cause (cause-in-fact) and a legal cause of the harm for which plaintiff seeks a remedy. *RLI Ins. Co. v. General Star. Indem. Co.*, 997 F.Supp. 140 (D.Mass 1998).

Here, the return of cores and the termination of the twenty four month distribution agreement (i.e. "background" information) are not the cause of any damages alleged in the Counterclaims. As such, on these grounds alone the Third Counterclaim must be dismissed.

D.  **Courts Regularly Dismiss Consumer Protection Claims**

Contrary to counsel's arguments, in light of the strict standard for maintaining a consumer protection claim, it is not surprising that Massachusetts Courts regularly dismiss improperly plead Consumer Protection claims. For example, a complaint was dismissed which failed to specify date or dates of seller's alleged representations, where and how they occurred and their content did not plead fraud claim under Massachusetts consumer protection statute with the requisite "particularity" *Mead Corp. v. Steven Cabinets, Inc.*, 93 F. Supp. 87 (D. Mass 1996)(emphasis added); *See also Herring v. Vadala*, 670 F.Supp. 1082 (D. Mass 1987)(Allegations that one defendant arranged for inventor to borrow money from two other defendants at a high interest rate failed to alleged with sufficient particularity the nature of unfair or deceptive practice). Similarly, here the vague, implausible and non-specific allegation that BWP "would not hurt OE Plus on the way out" cannot possibly give rise to a plausible claim.

In *Tel. & Tel. Co. IMR Capital Corp*, 888 F. Supp 221 (D. Mass. 1995), a pay telephone operation failed to state a cause of action against a long-distance company for consumer protection by alleging that the company attempted to collect charges from owner for fraudulent calls made from owner's pay telephones, refused to block those calls and engaged in a campaign to encourage pay telephone users to use company long distance access code from the owner's pay telephones. The Court held that the allegations did not come within the penumbra of any applicable articulable statutory or common law concept of unfairness. *Id.* Similarly, here, OE Plus is attempting to claim that BWP is inappropriately seeking to collect the benefit of monetary credits for automotive cores returned to OE Plus.

Similarly, in *Whitehall Co. Ltd. v. Merrimack Vallet Distributing Co, Inc.*, 780 N.E.2d 479, 56 Mass. App. Ct 853 (2002) the Court held that allegations that a competing liquor wholesaler had engaged in price discrimination for their customers' volume purchases was not enough to state a claim for unfair trade practices without an adverse impact on competition, and not merely on specific competitors. *Whitehall Co. Ltd. v. Merrimack Vallet Distributing Co, Inc.*, 780 N.E.2d 479, 56 Mass. App. Ct 853 (2002). Accordingly, the Court held that no unfair method of competition or practice had been alleged. *Id.* Where, as in the instant case, BWP is not alleged to have taken some action that has any adverse impact on competition generally, and the only plausible-cognizable "damage" alleged arises out alleged non-payment of outstanding amounts for other automotive goods received by OE Plus from BWP, facts unrelated to the alleged unfair trade practices, the case law supports dismissal of the consumer protection counterclaim.

## POINT II

## FIRST COUNTERCLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED BECAUSE CLAIM IS BARRED BY THE STATUTE OF FRAUDS AND BY THE UNIFORM COMMERCIAL CODE

It is clear now that OE Plus cannot refute that the alleged (unwritten) twenty four month distribution agreement violates the statute of frauds and that no claims or damages can be maintained on this claim now relegated by counsel to "background" information. Accordingly, any claims or damages arising under this alleged agreement must be dismissed.

Moreover, as previously set forth at length by reason of well settled principles of the Uniform Commercial Code, OE Plus has failed to reject the automotive cores-goods[3] provided by BWP to OE Plus in the ordinary course of their business dealings.

Contrary to OE Plus' arguments, Massachusetts courts have held that a buyer's notice of revocation to the seller was not made within a reasonable time under § 2-607(3)(a) where buyer gave notice to seller three and one-half months after door units had been delivered to construction site that units, which were wrapped in clear plastic, were the wrong size. *P & F Constr. Corp. v. Friend Lumber Corp. of Medford*, 31 Mass.App.Ct. 57, 59, 575 N.E.2d 61 (1991)

Here, the Counterclaim makes clear that, at a minimum, over seven months passed without any rejection or revocation of goods by OE Plus, even though OE Plus was allegedly "flooded" by BWP with cores. Thereafter, the Counterclaim alleges that nothing occurs until a letter is written to counsel many months after the parties relationship had been terminated. Under these circumstances,

---

[3]Counsel failure to concede that the "cores" are goods governed by the UCC is incredible, given the enormous scope of the definition of "goods" under the Uniform Commercial Code.

it is clear that OE Plus is seeking to improperly punish BWP for its lawful termination of the parties business dealings by asserting a claim for breach of contract based upon accepted cores and, further, claiming treble damages and attorneys' fees.

Incredibly, OE Plus seeks to have this Court (I) award damages for monies allegedly owed by BWP for parts BWP received; (ii) permit OE Plus to retain the valuable automotive cores-goods received and accepted by OE Plus without paying the contract credit pursuant to the parties dealings; and (iii) to be awarded treble damages and attorneys fees, based upon a consumer fraud claim routed in a an alleged breach of "contract" claim that is barred by the Statute of Frauds and the Uniform Commercial Code. This inherent contradictory stance belies the sustainability of OE Plus' counterclaims and compels their dismissal.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the First and Third causes of action of the Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and strike Paragraphs 19, 20 and 21 of the Counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Dated: White Plains, New York
      May 21, 2008

                    ANDREW GREENE & ASSOCIATES, P.C.

        By:    /s/ Thomas C. Landrigan
                  Thomas C. Landrigan (TL-3116)
                  Attorneys for Plaintiff
                  202 Mamaroneck Avenue
                  White Plains, New York 10602
                  (914) 948-4800