Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 330322 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 330322)

Page 1

H
Gaetano Associates Ltd. v. Artee Collections, Inc.
S.D.N.Y.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
GAETANO ASSOCIATES LTD, Plaintiff,
v.
ARTEE COLLECTIONS, INC., Arti Bhandari (a/k/a Sheila Mehta), Taffard Fabrics, Inc., Amit Dughar and Woodrow Silk, Inc., John and Jane Does No. 1-10, and XYZ Company Nos. 1-10, Defendants.
No. 05 Civ.3329 DLC.

Feb. 14, 2006.

Paul R. Levenson, Kaplan & Levenson LLP, New York, NY, for Plaintiff.
Rodney A. Brown, The Brown Law Group, P.C., Two Grand Central Tower, New York, NY, for Defendants.

*OPINION AND ORDER*

COTE, J.
*1 This Opinion considers a motion to dismiss by Artee Collections, Inc. ("ACI"), Arti Bhandari ("Bhandari"), Amit Dugar ("Dugar"), Taffard Fabrics, Inc. ("Taffard"), and Woodrow Silk, Inc. ("Woodrow"). The complaint was filed by the plaintiff, Gaetano Associates, Ltd. ("Gaetano"), on March 29, 2005, and pleads eight claims under federal and state law. For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part.

*Background*

The pertinent facts, as alleged in the complaint, are as follows. Gaetano, a New Jersey corporation, designs, imports, and sells silk fabrics and wall coverings for the home furnishing market. Its products are manufactured by Lanova, a manufacturing company in Bangalore, India. Gaetano sells its products to private label businesses, who in turn market the fabrics under their own brand names. One of the keys to Gaetano's business model is that it has exclusivity agreements with its customers, whereby individual customers have exclusive rights to market specific fabric designs. Gaetano may not sell the specific designs to any other customer.

ACI is a Massachusetts corporation that is owned by Bhandari. Bhandari lives in Massachusetts. He is a citizen of India with a legal right to reside and work in America. Taffard and Woodrow are New York corporations that are owned by Dugar, who resides in New York. In September of 1997, Gaetano alleges that it entered into a contract with ACI such that ACI would act as its import and customs clearing representative. In essence, ACI's role was to arrange for the importation of the manufactured fabric from India and deliver it to Gaetano.

Gaetano alleges that ACI agreed to several restrictions. These included that ACI would *not* 1) solicit Gaetano's current or future customers in any manner on behalf of its own account, 2) make or trade in any Gaetano designed fabric on its own behalf, 3) make use of any intellectual property or nonpublic information held by Gaetano-such as the prices that Gaetano's customers paid for different fabrics-for its own benefit, or 4) compete with Gaetano for silk fabric sales, whether the silk fabric was designed by Gaetano or not, to Gaetano's customers or any other potential customer in the home furnishings industry.

The business relationship between Gaetano and ACI apparently functioned effectively from late 1997 until Gaetano brought this action against ACI in March of 2005. Gaetano accuses ACI and its owner Bhandari of violating the terms of their contract by, among other things, unlawfully taking Gaetano's fabric designs and using them for their own benefit, secretly dealing with Gaetano's customers, using Gaetano's confidential business information to compete with Gaetano in the home

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d								Page 2
Not Reported in F.Supp.2d, 2006 WL 330322 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 330322)**

furnishings fabric industry, and using Taffard and Woodrow as distributors for Gaetano's products.

The complaint asserts causes of action for breach of contract against ACI; breach of fiduciary duty against ACI and Bhandari; conversion against ACI and Bhandari; tortious interference with contract against Bhandari, Taffard, Woodrow and Dugar; common law unfair competition against all defendants; violation of the Lanham Act, 15 U.S.C. § 1125(a)(2000), against all defendants; violation of New York General Business Law ("NY GBL") § 349 against all defendants; and common law fraud against all defendants. Gaetano demands compensatory and punitive damages and a permanent injunction preventing ACI and the other defendants from passing off and selling Gaetano products as their own; selling any silk textile products to Gaetano's former, present, or prospective customers; using any of Gaetano's confidential business information for their own advantage in the silk textile business; or representing to the trade that they are authorized to deal in Gaetano's products. On the Lanham Act claim, Gaetano also demands that the defendants recall all of their advertising materials that allegedly contain Gaetano designs and impound and destroy those materials.

*2 The defendants maintain that the alleged contract between Gaetano and ACI was an oral agreement that lacks consideration and is therefore unenforceable; that the alleged contract is void under New York General Obligations Law § 5-701(a)(1), New York's Statute of Frauds; and that the breach of fiduciary duty, tortious interference, conversion, commmon law, state, and federal statutory unfair competition, and fraud claims are duplicative of the breach of contract claim. Additionally, the defendants assert that the commmon law, state, and federal statutory unfair competition and fraud claims are insufficiently pleaded, and that the defendants Bhandari and Dugar are not individually liable for any purported contract breaches or tortious actions performed by the corporate defendants ACI, Woodward, and Taffard.

*Discussion*

When deciding a motion pursuant to Rule 12(b)(6), Fed.R.Civ.P., "a court must accept all factual allegations as true and draw all inferences in the plaintiff's favor."*Levy v. Southbrook Int'l Invs., Ltd.,* 263 F.3d 10, 14 (2d. Cir.2001). A court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d. Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

1. Federal Trademark Infringement

Gaetano's claim under the Lanham Act, 15 U.S.C. § 1125(a), is a species of a false designation claim, known as a "reverse passing off." Reverse passing off occurs when a party "passes off" another party's goods or services as its own, and typically involves a manufactured product. *Waldman Pub. Corp. v. Landoll Inc.,* 43 F.3d 775, 780 (2d. Cir.1994). In order to succeed on a Lanham Act reverse passing off claim, a plaintiff has to prove "1) that the work at issue originated with the plaintiff; 2) that origin of the work was falsely designated by the defendant; 3) that the false designation of origin was likely to cause consumer confusion; and 4) that the plaintiff was harmed by the defendant's false designation of origin."*Lipton v. The Nature Co.,* 71 F.3d 464, 473 (2d Cir.1995) (citing *Waldman,* 43 F.3d at 781-85).

Gaetano alleges that ACI and the other defendants represented to their customers that they, the defendants, created the designs for Gaetano's products, owned the manufacturing facilities where the designs were produced, and were authorized to sell Gaetano's products at a discount. These allegations are sufficient to assert that the defendants have falsely designated the origin of the products in question, which would likely confuse a reasonable consumer of Gaetano's products, and which would logically cause damages to Gaetano.[FN1]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 330322 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 330322)**

Page 3

> FN1. Gaetano requests both permanent injunctive relief and damages. To obtain injunctive relief, Gaetano will have to prove only a likelihood of deception or confusion on the part of the buying public, *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir.2005), while it will have to prove "actual consumer confusion or deception" to receive money damages. *Boosey & Hawkes Music Publishers Ltd. v. Walt Disney Co.*, 145 F.3d 481, 493 (2d Cir.1998) (citation omitted).

Gaetano has thus successfully asserted the elements of a reverse passing off Lanham Act claim, including the element of consumer confusion. Accordingly, the Lanham Act claim survives.

2. New York's Unfair Competition Law

*3 To state a claim under N.Y. GBL § 349,[FN2] a plaintiff must show that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts were misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir.2000). As a threshold step, then, a plaintiff must "charge conduct that is consumer oriented." *New York Univ. v. Cont'l Ins. Co*, 87 N.Y.2d 308, 320 (1995). New York State and Second Circuit courts have been skeptical of Section 349 claims involving private contract disputes between two parties, neither of which is a consumer:

> FN2.NY GBL § 349 provides in relevant part:
>
> (A) Deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state are hereby declared unlawful.
>
> ...
>
> (H) [A]ny person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both actions.

[Section 349] was intended to empower consumers; to even the playing field in their disputes with better funded and superiorly situated fraudulent businesses. It was not intended to supplant an action to recover damages for breach of contract between parties to an arm's length contract.  
*Teller v. Hayes*, 630 N.Y.S.2d 769, 774 (2d Dep't 1995); see also *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995) ("Private contract disputes, unique to the parties, ... would not fall within the ambit of the statute."). A non-consumer plaintiff can, in rare cases, plead a cause of action under Section 349, but only if "the gravamen of the complaint [is] consumer injury or harm to the public interest." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir.1995) (citation omitted).

Gaetano's complaint, however, focuses almost exclusively on harm to the plaintiff. Although Gaetano alleges that defendants' false statements are "aimed at the trade generally," it does not describe, even in general terms, any potential harm to customers of ACI or Gaetano, let alone to the ultimate consumers of either company's products. Furthermore, even if Gaetano claimed that these consumers were misled by ACI falsely representing that it designed and manufactured Gaetano's products, this would not constitute a "harm" under Section 349. In the similar context of trademark infringement actions, "[t]he courts of this Circuit have held that ... [allegations of] general consumer confusion do not threaten the direct harm to consumers that is required to state a claim under Section 349." *Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, No. 96 Civ. 5150, 1997 WL 137443, *3 (S.D.N.Y. Mar. 24, 1997). Gaetano

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 4
Not Reported in F.Supp.2d, 2006 WL 330322 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 330322)**

therefore has not sufficiently pled a Section 349 claim, and the defendants' motion to dismiss that claim is accordingly granted.

3. Remaining State Law Claims

A federal court applies the choice of law of the state in which it resides to state law claims. *SeeLazard Freres & Co. v. Protective Life Ins. Co,* 108 F.3d 1531, 1538-39 (2d Cir.1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496-97 (1941)). Under its choice of law rules, New York uses the "center of gravity" test for determining which forum's law to apply to contract breaches, and the "interest analysis" test for tort actions. *Lazard Freres,* 108 F.3d at 1539 n. 5. The "center of gravity" test considers such factors as "the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties."*Id.* at 1539 (citation omitted). New York courts may also consider public policy, but "the places of contracting and performance [ ] are given the heaviest weight in this analysis."*Id.* (citation omitted). The "interest analysis" consists of evaluating which jurisdiction "[has] the greatest interest in the litigation."*Id.* at 1539 n. 5 (quoting *Schultz v. Boy Scouts,* 480 N.E.2d 679, 684 (N.Y.1985)).

*4 Gaetano's complaint does not address the choice of law issue, but pleads a violation of N.Y. GBL § 349. Defendants' motion to dismiss assumes that New York law governs all state claims in the action. In opposition to the defendants' motion to dismiss, Gaetano argues that under New York choice of law principles, New Jersey law should apply to the contract claim, Massachusetts law should apply to the breach of agency claim and the conversion claim, and that "[e]ither or both" New York and Massachusetts law should apply to the common-law unfair competition claim. The Gaetano brief asserts nothing about which state common law should apply to the tortious interference with contract claim and the fraud claim.

It is unclear from the complaint and the parties' briefing where the negotiation and performance of the contract occurred or where the subject matter of the contract was located.[FN3] Thus, there is insufficient information to make a choice-of-law determination. The choice of law may be decisive on some claims; for example, New Jersey's Statute of Frauds does not bar oral service contracts the terms of which cannot be performed within one year, while New York's Statute of Frauds does impose this restriction. Because the federal Lanham Act claim is sustained, and the scope of discovery will not be greatly affected by the existence of state common law claims, the defendants' motion to dismiss those claims is denied. The issues raised regarding the state common law claims in the motion to dismiss may be addressed at the summary judgment stage, when a more complete record can be presented to allow a reliable choice-of-law determination to be made.

> FN3. Plaintiffs state that *"one* of the places of contracting, negotiation, performance, and business is New Jersey, and the subject matter of the Complaint ( [Gaetano] ) is in New Jersey."(Emphasis supplied.)

*Conclusion*

Defendants' motion to dismiss the New York Unfair Competition Law claim is granted. The motion to dismiss the remaining claims is denied.

S.D.N.Y.,2006.
Gaetano Associates Ltd. v. Artee Collections, Inc.
Not Reported in F.Supp.2d, 2006 WL 330322 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.