Westlaw.

Not Reported in N.E.2d
Not Reported in N.E.2d, 1996 WL 1251389 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d, 1996 WL 1251389)**

Page 1

C
Li'l Peach of Massachusetts, Inc. v. Prendergast
Mass.Super.,1996.
Only the Westlaw citation is currently available.
Superior Court of Massachusetts.
LI'L PEACH OF MASSACHUSETTS, INC.,
v.
Francis PRENDERGAST & Another.[FN1]

FN1. Edward Prendergast.

No. CA 952855.

Aug. 15, 1996.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

GERSHENGORN.

*1 The plaintiff, Li'l Peach of Massachusetts, Inc. ("Li'l Peach"), originally brought a declaratory action against the defendants, Frances and Edward Prendergast. The defendants made four counterclaims, which the plaintiff now moves to dismiss. For the reasons set forth below, the motion to dismiss is ALLOWED in part and DENIED in part.

BACKGROUND

The plaintiff, Li'l Peach, is a company that franchises retail convenience stores in Massachusetts. The defendants, Frances and Edward Prendergast, each own a Li'l Peach franchise in Chicopee, Massachusetts. Each defendant entered into a separate franchise agreement with the plaintiff. Edward was the first to sign a franchise agreement, and Frances signed a somewhat different franchise agreement at a later time.

As a result of a growing dispute between the plaintiff and defendants regarding certain rebates from vendors, the plaintiff brought a declaratory action against the defendants.[FN2] In its declaratory action, the plaintiff seeks a determination that the Prendergasts breached their franchise agreement with the plaintiff, that Li'l Peach had not violated G.L.c. 93A in its dealings with the defendants, and that the plaintiff had paid to Edward Prendergast all monies owed to him under the franchise agreement.

FN2. In short, the Prendergasts argue that their franchise agreements entitled them to certain cash rebates on goods purchased from grocery and cigarette vendors. They claim that the plaintiff misrepresented the nature of these rebates, used the rebates to coerce the defendants into purchasing merchandise from specific vendors, and retained more than its share of the rebate money and did not pay the defendants all monies that they were owed.

The case was originally filed in Middlesex Superior Court, but the plaintiff later removed the case to the federal district court. There, the court dismissed several of the defendants' original counterclaims. The defendants then filed an amended answer, with four counterclaims. It was later determined that the removal was improper, and the case was remanded to Superior Court. The plaintiff's motion to dismiss the defendants' four counterclaims is now before this court.

DISCUSSION

When evaluating the sufficiency of a complaint or counterclaims pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint (or counterclaims), as well as any inference which can be drawn therefrom in the claimant's favor. See *Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426, 429 (1991); James W. Smith & Hiller B. Zobel, Rules Practice § 12.12, at 301 (1974) (Mass.R.Civ.P.12(b)(6) applies equally to complaints and counterclaims). The claims should not be dismissed for failure to state a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:07-cv-09588-KMK    Document 17-14    Filed 06/02/2008    Page 2 of 3

Not Reported in N.E.2d                                                                                      Page 2
Not Reported in N.E.2d, 1996 WL 1251389 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d, 1996 WL 1251389)**

claim unless it appears beyond doubt that the claimant can prove no set of facts in support of the claim which would entitle that party to relief. *Nader v. Citron,* 372 Mass. 96, 98 (1977), quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); see also *Charbonnier v. Amico,* 367 Mass. 146, 152 (1975); *Whitinsville Plaza, Inc. v. Kotseas,* 378 Mass. 85, 89 (1979).

The defendants made the following four counterclaims: breach of contract, violation of G.L.c. 93A, unconscionable contract, and breach of the covenant of good faith and fair dealing. The plaintiff has moved to dismiss all four claims.

I. Breach of Contract

*2 The defendants have alleged the elements of a claim for breach of contract in their answer to the complaint. They have asserted that a contract existed, that they have performed the contract, and that the contract has been breached. According to the defendants, these claims are based on written provisions of the contract,[FN3] which entitled the defendants to training, continuing instruction, and supervision. The defendants assert that they never received any of these services.

> FN3. The federal court had ordered that any breach of contract claims not based on the written agreement were to be dismissed.

This court finds that the defendants have alleged sufficient facts in support of their breach of contract counterclaim to withstand the plaintiff's motion to dismiss. At this stage in the litigation, it cannot be said that the defendants could prove no set of facts in support of the claim which would entitle them to relief. *Nader v. Citron, supra* at 98.

II. G.L.c. 93A

The defendants base their c. 93A claim on plaintiff's failure to provide them with certain disclosure documents which are required by the Federal Trade Commission. The plaintiff disputes the defendants' claim that they never received the documents.[FN4] Although it is not necessarily clear that, even if the plaintiff failed to give the defendants these documents, the plaintiff's actions violated c. 93A, this claim presents a triable issue. It cannot be said that the defendants have no likelihood of proving that the plaintiff acted with the "rascality" required to find a c. 93A violation between two business entities. See *Anthony's Pier Four, Inc. v. HBC Assoc.,* 411 Mass. 451, 475-76 (1991).

> FN4. In its brief, the plaintiff also argues that the c. 93A claim is subject to the requirements of rule 9(b), which requires that any allegation of fraud or deceit be pled with specificity. Massachusetts courts do not impose this requirement on c. 93A claimants. *U.S. Funding, Inc. of America v. Bank of Boston,* 28 Mass.App.Ct. 404, 407 (1990).

III. Unconscionable Contract

The plaintiff argues that this counterclaim does not state a cause of action, and that the defendants have already alleged unconscionability as an affirmative defense.

In general, unconscionability is appropriately argued as grounds for the rescission of a contract. See, e.g., *Waters v. Min Ltd.,* 412 Mass. 64 (1992). Since the defendants have already argued that the franchise agreement was unconscionable as part of their affirmative defenses, the inclusion of this counterclaim adds nothing to the defendants' case. The counterclaim for unconscionable contract does not state a claim, and the plaintiff's motion to dismiss this counterclaim will be allowed.

IV. Breach of Covenant of Good Faith and Fair Dealing

The defendants argue that when the plaintiff withheld rebate monies, these actions were taken with a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                                                                              Page 3
Not Reported in N.E.2d, 1996 WL 1251389 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d, 1996 WL 1251389)**

lack of honesty, and the arrangement allowed the plaintiff to take unfair advantage of the defendants by compelling purchases from certain vendors. Although, as the plaintiff asserts, the franchise agreement gave the plaintiff the right to retain certain rebate monies, the fact that there was a written provision does not necessarily mean that the plaintiff acted "in observance of reasonable commercial standards of fair dealing in the trade."G.L.c. 106, § 2-103(1)(b). The plaintiff has not shown that the defendants will be unable to prove this claim at trial, and the motion to dismiss this claim must be denied.

ORDER

*3 For the above reasons, the plaintiff's motion to dismiss counterclaims is therefore DENIED as to counterclaims I, II, and IV, and ALLOWED as to counterclaim III.

Mass.Super.,1996.
Li'l Peach of Massachusetts, Inc. v. Prendergast
Not Reported in N.E.2d, 1996 WL 1251389 (Mass.Super.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.