Westlaw.

Not Reported in N.E.2d                                                                                                          Page 1
Not Reported in N.E.2d, 2008 Mass.App.Div. 68, 2008 WL 466395 (Mass.App.Div.)
**(Cite as: Not Reported in N.E.2d, 2008 WL 466395)**

Provenzano v. Plymouth Rock Assur. Corp.
Mass.App.Div.,2008.

Massachusetts Appellate Division,District Court Department, Northern District.
Michael PROVENZANO, D.C.[FN1]

   FN1. Doing business as Essex Chiropractic Offices.

v.
PLYMOUTH ROCK ASSURANCE CORPORATION.
No. 07-ADMS-10060.

Heard Nov. 30, 2007.
Opinion Certified Feb. 19, 2008.

**Background:** Chiropractor brought action against automobile insurer to recover personal injury protection (PIP) benefits for his treatment of insured. When insurer paid the benefits shortly before trial, chiropractor converted his claim to one for violation of consumer protection law, arising out of the delay in payment. The District Court Department, Lawrence Division, Livingston, J., after a bench trial, entered judgment in favor of insurer. Chiropractor appealed.

**Holdings:** The District Court Department, Appellate Division, Brant, J., held that:
(1) chiropractor was not entitled to ruling of law stating that unreasonable withholding of PIP benefits constitutes an unfair or deceptive practice;
(2) chiropractor was entitled to a ruling that the evidence warranted a finding in his favor; but
(3) trial court's error in failing to enter such ruling did not require reversal.

Affirmed.

West Headnotes

**[1] Antitrust and Trade Regulation 29T ⇌363**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
       29TIII(E) Enforcement and Remedies
          29TIII(E)5 Actions
             29Tk361 Proceedings; Trial
                29Tk363 k. Questions of Law or Fact. Most Cited Cases

**Antitrust and Trade Regulation 29T ⇌369**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
       29TIII(E) Enforcement and Remedies
          29TIII(E)6 Evidence
             29Tk369 k. Weight and Sufficiency. Most Cited Cases

Chiropractor who brought action against automobile insurer to recover personal injury protection (PIP) payments for treatment provided to insured, and who converted claim to one for violation of consumer protection law after insurer paid benefits shortly before bench trial, was not entitled to ruling of law stating that unreasonable withholding of PIP benefits constitutes an unfair or deceptive practice; issue of what was unfair or deceptive was one of fact, and denial of requested ruling was consistent with court's implicit finding that delay in making PIP payments was due to insurer's need for an independent medical examination (IME) and a business decision to avoid litigation costs. M.G.L.A. c. 90, § 34M; M.G.L.A. c. 93A, §§ 2, 11; Rules Civ.Proc., Rule 64A, 43B M.G.L.A.

**[2] Antitrust and Trade Regulation 29T ⇌369**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
       29TIII(E) Enforcement and Remedies
          29TIII(E)6 Evidence
             29Tk369 k. Weight and Sufficiency. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:07-cv-09588-KMK   Document 17-26   Filed 06/02/2008   Page 2 of 5

Not Reported in N.E.2d                                                                          Page 2
Not Reported in N.E.2d, 2008 Mass.App.Div. 68, 2008 WL 466395 (Mass.App.Div.)
**(Cite as: Not Reported in N.E.2d, 2008 WL 466395)**

Evidence at bench trial of chiropractor's consumer protection action against automobile insurer arising out of insurer's long delay in making personal injury protection (PIP) payments to chiropractor for treatment of insured was sufficient to support a finding that insurer violated statute requiring prompt payment of PIP benefits, and thus chiropractor was entitled to a ruling that the evidence warranted a finding in his favor. M.G.L.A. c. 90, § 34M; M.G.L.A. c. 93A, §§ 2, 11; Rules Civ.Proc., Rule 64A, 43B M.G.L.A.

[3] Appeal and Error 30 1071.6

30 Appeal and Error
   30XVI Review
      30XVI(J) Harmless Error
         30XVI(J)21 Findings
           30k1071 Findings by Court or Referee
              30k1071.6 k. Failure or Refusal to Find on Part of Issues. Most Cited Cases
Trial court's error in failing to enter requested ruling that the evidence at bench trial of chiropractor's action against automobile insurer, arising out of insurer's long delay in making personal injury protection (PIP) payments to chiropractor for treatment of insured, warranted a ruling in favor of chiropractor, did not require reversal of trial court's judgment in favor of insurer; judgment was based on trial court's assessment of the weight and credibility of the evidence, rather than an erroneous belief that the evidence was legally insufficient to support a finding in favor of chiropractor. M.G.L.A. c. 93A, § 11; Rules Civ.Proc., Rule 64A, 43B M.G.L.A.

In the Lawrence Division, No. 0418-CV-0731,Livingston, J.
Francis A. Gaimari, Fireman & Associates, LLP, Needham, MA, for plaintiff.
Michael J. Merriam, Law Off. Of Lawrence M. Slotnick, Boston, MA, for defendant.

Before GRECO, P.J., CURTIN & BRANT, JJ.

BRANT, J.
*1 Michael Provenzano, D.C. ("Provenzano") commenced this suit to recover Personal Injury Protection ("PIP") payments for chiropractic treatment he provided to Dennis Justiniano ("Justiniano"), an insured of Plymouth Rock Assurance Corporation ("Plymouth Rock"). After a trial on Provenzano's amended complaint for G.L. c. 93A, § 11 damages, judgment was entered for Plymouth Rock. This Dist./Mun. Cts. R.A.D.A. 8C appeal by Provenzano followed.

Justiniano was injured in an automobile accident on June 22, 2003. He filed an insurance claim with Plymouth Rock on June 24, 2003, and an application for PIP benefits on July 29, 2003. Provenzano provided chiropractic treatment to Justiniano for his injuries from June 23, 2003 through December 15, 2003. During the course of that treatment, Provenzano submitted various bills for his services to Plymouth Rock.

Plymouth Rock deferred payment of Provenzano's bills until it could arrange an Independent Medical Examination ("IME") of Justiniano by another chiropractor. Plymouth Rock hired a chiropractor named Mark DeLorenzo ("DeLorenzo"), who conducted the IME on September 29, 2003. DeLorenzo concluded that further chiropractic treatment of Justiniano was not indicated, and recommended a full review of Provenzano's records of Justiniano's treatment. DeLorenzo submitted an unsigned IME report to Plymouth Rock on October 3, 2003. Plymouth Rock waited until it received a signed copy of DeLorenzo's report on November 17, 2003, and then forwarded a copy to Justiniano's counsel.

Based on his medical records review conducted on March 4, 2004, DeLorenzo concluded that treatments received by Justiniano before August 29, 2003 were justified, but that treatments received after that particular date were not. DeLorenzo also opined that a claimed charge for a "biofreeze" treatment by Provenzano was unjustified. Based on DeLorenzo's recommendations, Plymouth Rock paid Provenzano $1,705.00 on April 6, 2004, which left a balance due of $2,235.00 on Provenzano's invoices for services provided to Justiniano.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d
Not Reported in N.E.2d, 2008 Mass.App.Div. 68, 2008 WL 466395 (Mass.App.Div.)
(Cite as: Not Reported in N.E.2d, 2008 WL 466395)

Page 3

On July 7, 2004, Provenzano filed this G.L. c. 90, § 34M suit against Plymouth Rock to recover the unpaid balance of his charges, plus attorney's fees. Section 34M clearly provides that if PIP payments for medical bills are not made by the insurer within thirty days, the treating practitioner "shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment ." Thus, Provenzano's standing to bring this suit derived from his statutorily-created contractual relationship with Plymouth Rock. *Revere Chiropractic & Rehab. v. Concord Group Ins. Cos.*, 2001 Mass.App.Div. 237, 2001 WL 1562077.

After Provenzano commenced this suit, Plymouth Rock retained DeLorenzo as its expert witness. The case was eventually scheduled for a December 14, 2005 jury-waived trial. The parties entered into settlement discussions that failed after Provenzano's counsel made a demand for more man double the outstanding claim.

*2 On December 8, 2005, Plymouth Rock's attorney, its claims adjuster, and its claims supervisor met to discuss the case. They determined that because DeLorenzo would charge $2,500.00 for his services as an expert witness at trial, it made better business sense simply to pay the $2,235.00 amount sought in Provenzano's complaint. Thus, Plymouth Rock sent a check for that amount to Provenzano's counsel on December 9, 2005, five days before the scheduled trial.

The payment of Provenzano's outstanding charges extinguished his claim under G.L. c. 90, § 34M. *Fascione v. CNA Ins. Cos.*, 435 Mass. 88, 94, 754 N.E.2d 662 (2001). See *Boehm v. Premier Ins. Co.*, 2006 Mass.App.Div. 53, 55, 2006 WL 895091.To avoid dismissal of his case, Provenzano moved successfully to amend his complaint to substitute a G.L. c. 93A, § 11 claim that Plymouth Rock had engaged in unfair and deceptive practices in violation of G.L. c. 93A, § 2. Claims pursuant to G.L. c. 93A, § 11"can clearly remain viable even after any outstanding medical bills have been paid."*Amari v. Plymouth Rock Assurance Corp.*, 2004 Mass.App.Div. 131, 132, 2004 WL 1949773.

The case was tried jury waived on April 21, 2006. Provenzano, who did not testify himself, called Plymouth Rock's claims adjuster as his only witness and submitted documentary evidence that included his bills for Justiniano's treatment and correspondence with Plymouth Rock regarding that treatment. At the close of the evidence, Provenzano filed several requests for rulings. After trial, the judge issued a written decision detailing the factual history between the parties and ordering judgment, without additional explanation, for Plymouth Rock. The judge also made rulings on Provenzano's Mass. R. Civ. P. 64A requests. Provenzano filed this appeal on a charge of error in those rulings.

A plaintiff must demonstrate a significant level of rascality on the part of the defendant to prevail On a G.L. c. 93A, § 11 claim. *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 475-476, 583 N.E.2d 806 (1991); *Greenery Rehabilitation Group, Inc. v. Antaramian*, 36 Mass.App.Ct. 73, 78-79, 628 N.E.2d 1291 (1994). Generally, the mere fact that a party delayed payment until after it changed its mind about contesting a matter may not rise to the level of a violation of G.L. c. 93A, § 11. *Lambert v. Fleet Nat'l Bank*, 449 Mass. 119, 127, 865 N.E.2d 1091 (2007). A business may reasonably decide to pay a disputed claim to avoid the cost of litigation. *Boehm, supra* at 56.

The burden of proving a G.L. c. 93A, § 11 claim by a sophisticated business person is more onerous than the burden on a G .L. c. 93A, § 9 claim brought by a consumer. "A claim under G.L. c. 93A, § 11 by a business entity ... would not be on the same footing as a claim by a consumer (such as the insured in a PIP case)."*Id.* at 55.Further, § 11 does not set forth a right of action for unfair insurance practices in violation of G.L. c. 176D, § 3, although it does permit recovery for unfair and deceptive acts in violation of G.L. c. 93A, § 2. Thus, a G.L. c. 93A, § 11 claimant seeking redress for unlawful insurance practices must demonstrate that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:07-cv-09588-KMK   Document 17-26   Filed 06/02/2008   Page 4 of 5

Not Reported in N.E.2d                                                                                                    Page 4
Not Reported in N.E.2d, 2008 Mass.App.Div. 68, 2008 WL 466395 (Mass.App.Div.)
**(Cite as: Not Reported in N.E.2d, 2008 WL 466395)**

such practices constituted unfair and deceptive acts prohibited by G.L. c. 93A, § 2. *Cruickshank v. Commerce Ins. Co.,* 2004 Mass.App.Div. 103 n. 4, 2004 WL 1497543.

**\*3** [1] Provenzano's initial argument on appeal is that the judge erred in denying the following request for ruling of law: "A PIP carrier commits an unfair or deceptive practice prohibited by G.L. c. 93A if it unreasonably withholds payment of PIP benefits when properly presented with evidence of the medical services rendered."What constitutes unreasonable conduct, or what is unfair or deceptive in the circumstances of a particular case, is a question of fact for a trial court. *Chervin v. Travelers Ins. Co.,* 448 Mass. 95, 112, 858 N.E.2d 746 (2006); *Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc.,* 68 Mass.App.Ct. 582, 604 n. 52, 864 N.E.2d 518 (2007). The judge's denial of Provenzano's request was consistent with the finding implicit in his written decision that Plymouth Rock's delay in making PIP payments to Provenzano was attributable to the need for an IME and medical records review, and to a reasonable business decision to avoid litigation costs, rather than to any unfair and deceptive conduct. While the judge could have explained his decision with more clarity, we do not find any error in his denial of Provenzano's request.

[2][3] Provenzano has also objected to the denial of his request no. 22, which sought a ruling that "[t]he evidence warrants a finding for the plaintiff."It is elementary that a "warrant" request seeks a ruling of law that the evidence introduced at trial would merely permit, not require, a finding in favor of the requesting party. Thus, "a 'warrant' request must be allowed where any view of the evidence, credibility aside, would allow recovery by the requesting party."*Amari v. Plymouth Rock Assurance Corp.,* 2007 Mass.App.Div. 139, 140, 2007 WL 2445355, quoting *Mercier v. Liberty Mut. Ins. Co.,* 2000 Mass.App.Div. 302, 303, 2000 WL 1687577.The record indicates that Provenzano introduced evidence demonstrating that there was a significant delay by Plymouth Rock, in violation of G.L. c. 90, § 34M, in making the required PIP payments in this case. As that evidence would have permitted a finding for Provenzano, his request for ruling no. 22 should have been allowed in recognition of the existence of that evidence. However, the erroneous denial of a warrant request does not require reversal when the judge's findings indicate that his ultimate decision was properly based on an assessment of the weight and credibility of the evidence rather than on an erroneous conclusion that the evidence was legally insufficient to permit a finding in favor of the requesting party. *Gauvin v. Clark,* 404 Mass. 450, 457, 537 N.E.2d 94 (1989); *DiGesse v. Columbia Pontiac Co.,* 369 Mass. 99, 104, 336 N.E.2d 904 (1975); *Post v. Kaitz,* 1999 Mass.App.Div. 20, 22, 1999 WL 46912.The judge's written findings in this case indicate that his judgment in favor of Plymouth Rock was based on his acceptance of the insurer's justification for its payment delays rather than on any disregard of Provenzano's evidence. As the evidence in its entirety supports the trial court's finding for Plymouth Rock on Provenzano's G.L. c. 93A, § 11 claim, there was no prejudicial error.[FN2]

> FN2. It should be noted that effective March 1, 2008, Mass. R. Civ. P. 64A will be repealed. District Court judges will be required to issue findings in civil cases upon the request of a party pursuant to an amended Mass. R. Civ. P. 52(c) that will take effect on March 1, 2008.

**\*4** Provenzano's remaining arguments on appeal are equally unavailing. The denials of the requests for rulings that he has challenged were made on requests filed by him that improperly presented mixed questions of fact or law; were allowed by the trial judge, but inconsistent with his ultimate finding for Plymouth Rock; or were restatements of the general warrant request discussed above.

Judgment affirmed.

So ordered.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d                                                                                                                         Page 5
Not Reported in N.E.2d, 2008 Mass.App.Div. 68, 2008 WL 466395 (Mass.App.Div.)
**(Cite as: Not Reported in N.E.2d, 2008 WL 466395)**

Mass.App.Div.,2008.
Provenzano v. Plymouth Rock Assur. Corp.
Not Reported in N.E.2d, 2008 Mass.App.Div. 68, 2008 WL 466395 (Mass.App.Div.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.